The opinion of the Court was delivered by
Levy, J.
Plaintiif sued the defendants for tlie sum of two thousand eight hundred and ninety dollars, which sum, he alleges, is due to him for salary by defendants, who had employed him by the year, and by whom he had been discharged without just cause.
Defendants, in their answer, admitted that they entered into a contract with the plaintiif, at Baltimore, Maryland, on the 15th of October, 1877, by which he engaged his services as salesman to defendants, and agreed to devote his time and influence to the sale of the goods, wares and merchandise of defendants, hut deny that there is anything due to plaintiif under said contract j they further aver, that the conduct of plaintiff disqualified him from performing his functions under said contract, and this constituted sufficient cause for defendants treating his contract as at an end; that plaintiff’s conduct became disrespectful aud insubordinate, in view of the position which he held, towards them, and “was inconsistent with his relations and duties resulting from said contract, and such as disabled him from communicating with, or holding that intercourse, which must, of necessity, exist between principal and employee, and such conduct justified aud authorized them to annul said contract, which they did on the 28th of December, 1877, on which day they thus notified plaintiff; and they insist that he has no just demand or claim for wages beyond that date, and that all wages to that date have been paid and overpaid, and plaintiff is indebted to them in a balance of $42.70. They further aver, that said contract was made in the State of Maryland, and is governed by the laws of that State, by which the employer has the right to dismiss his agent, or employee, at any time, on paying his salary to date.
The case was first tried by the judge, without the intervention of a jury, and there was judgment in favor of the defendants. A new trial was granted on the motion of plaintiff, and, on his supplemental petition, a jury was ordered. There was a verdict in favor of plaintiff, awarding him his salary for six months, at the rate of $300 per month, less the amount which had been already paid, leaving due him the sum *428 of $1,007.30, with legal interest from judicial demand. From this judgmont the defendants have taken this appeal.
The testimony of attorneys at law of Maryland, show that the law of 'that State does not differ from that of Louisiana, in regard to the rigiit of an employer to discharge an agent or employee, provided just cause for such discharge exists, and the only question for us to dooide is, whether the record discloses a state of facts which justified the defendants in terminating the employment of the plaintiff.
The evidence abundantly shows the business capacity, efficiency and integrity of the plaintiff, and the high and punctilious sense of honor which controlled his discharge of the duties of salesman, which ho assumed, and it is not contended, even.by defendants, that he failed in honest and conscientious efforts to promote the business interests of his employers, but it is contended that, in his correspondence with them, ho was offensive, abusive and insulting, and insubordinate to an extent incompatible with the successful discharge of the duties which he had contracted to perform, and thereby he ceased to be useful in. his employment, destroyed those relations of confidence and respect which are essential in the relations between principal and agent or employee, and by continued indulgence, and persistence in abusive and disrespectful language, afforded sufficient cause for the annulment by the defendants of the engagements into which they had entered with plaintiff.
While we hold that an employer has no right to wound the feelings or insult the sensibilities of his employee, and that such relation should not, and cannot be successfully invoked as affording immunity, even from pecuniary responsibility, for wanton or unfeeling assaults upon those in his employ, yet, on the other hand, we hold that the latter owes to the former respectful and decorous bearing, and obedience to all proper orders and requests connected with his employment.
We do not deem it necessary to detail the correspondence between the parties, which brought about the rupture of their relations. In the first letter of defendants, of the 26th of November, 1877, which called forth plaintiff’s letter of 3d December, 1877, we find nothing which justified the severe and harsh criticism and attack therein contained, which were calculated to induce a reply, justifying defendants’ vindication from what he deemed severe and unprovoked comment, seasoned with sarcastic allusions and sneering expressions. Plaintiff’s letter 6f the 21st of December, 1877, was violent and severe, and to our minds, rendered the further continuance of the intimate business relations, necessarily growing out of the character, of the employment, inconsistent with the interests of the defendants, and, to say the least, violative of the implied obligations growing out of, and incident to the *429 contract, and, to our minds, tlms furnishing a sufficient cause for the discharge of the plaintiff.
With this view of the case, based upon the evidence in the record, we thinlc the judgment of the lower court was erroneous.
It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed, and it is now ordered, adjudged and decreed, that there be judgment in favor of defendants, and rejecting plaintiff’s demand, and dismissing his suit at plaintiff’s costs in both Courts.